UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STONEBRIDGE HOMEOWNERS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON MUTUAL INSURANCE COMPANY, an Oregon Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Stonebridge Homeowners Association (the "Association") alleges as follows:

## I.   INTRODUCTION

1.1   This is an action for declaratory judgment, breach of contract, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)   A declaration of the rights, duties, and liabilities of the parties with respect to certain controverted issues under Defendant Oregon Mutual Insurance Company ("OMIC") insurance policies issued to the Association. The Association is seeking a ruling that the OMIC policies provide coverage for hidden damage at the Stonebridge Condominiums and that OMIC is liable for money damages for the cost of repairing hidden damage at the Stonebridge Condominiums.

(B)   Damages for bad faith, breach of contract, and violations of the CPA against OMIC.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(C)   Attorneys' fees and costs (including expert witness fees) against OMIC.

(D)   Any other relief the Court deems just and equitable.

## II.   PARTIES AND INSURANCE CONTRACTS

2.1   <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Lynnwood, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Stonebridge Condominiums. The Stonebridge Condominiums consist of thirty-five (35) three-story wood-framed buildings containing one hundred and thirty-one (131) units located in Lynnwood, Washington.

2.2   <u>OMIC</u>. OMIC sold property insurance policies to the Association, including, but not limited to, Policy No. BSP352125 (02/01/2015 – 02/01/2017), which identified the Stonebridge Condominiums as covered property. OMIC is an Oregon domiciled insurer with its principal place of business in McMinnville, Oregon. OMIC is registered and authorized to sell insurance in Washington.

2.3   <u>Doe Insurance Companies 1–10</u>. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Stonebridge Condominiums as covered property.

2.4   <u>Stonebridge Insurers</u>. OMIC and Doe Insurance Companies 1–10 shall be collectively referred to as the "Stonebridge Insurers."

2.5   <u>Stonebridge Policies</u>. The policies issued to the Association by the Stonebridge Insurers shall be collectively referred to as the "Stonebridge Policies."

## III.   JURISDICTION AND VENUE

3.1   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Stonebridge Insurers marketed and sold insurance to the Association in Snohomish County; a substantial part of

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

the events giving rise to the claim, including the breach of contract, occurred in Snohomish County; and the insured condominium buildings are located in Snohomish County.

## IV.   FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to OMIC</u>. On October 30, 2020, the Association tendered an insurance claim to OMIC for recently discovered hidden damage to exterior building components, including sheathing and framing, at the Stonebridge Condominiums. The Association requested that OMIC investigate for any additional hidden damage at the Stonebridge Condominiums.

4.3     <u>Joint Intrusive Investigation</u>. In October 2021, the Association, including its experts at Evolution Architecture ("Evolution"), and the Association's historical insurers, including OMIC, conducted a joint intrusive investigation at the Stonebridge Condominiums, which revealed system-wide hidden damage to the sheathing and framing.

4.4     <u>Evolution's Findings Report</u>. Following the joint intrusive investigation, Evolution prepared its Building Envelope Investigation Findings Report, dated January 28, 2022. Of the forty (40) openings made during the joint intrusive investigation, hidden water damage to sheathing and framing was observed at twenty-three (23) openings (58%). It is Evolution's opinion that the primary cause of the hidden damage at the Stonebridge Condominiums is water intrusion in the form of rainwater events, including wind-driven rain. According to Evolution, hidden damage at the Stonebridge Condominiums has occurred incrementally and progressively each year from 1994, and some new damage commenced during each year of the Stonebridge Policies. It is expected that similar levels of damage would be found at other locations not investigated at the Stonebridge Condominiums. The Association's experts have opined that the cost to repair the hidden damage at the Stonebridge Condominiums is in excess of $8,700,000.00, well over the jurisdictional limit of $75,000.

4.5     <u>OMIC's Denial of the Association's Claim.</u> On July 5, 2022, OMIC unreasonably denied the Association's insurance claim.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

## V. FIRST CLAIM AGAINST THE STONEBRIDGE INSURERS: DECLARATORY RELIEF THAT THE STONEBRIDGE POLICIES PROVIDE COVERAGE

5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2   Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)   That the Stonebridge Policies cover the hidden damage to exterior sheathing and framing at the Stonebridge Condominiums.

(B)   No exclusions, conditions, or limitations bar coverage under the Stonebridge Policies.

(C)   That the loss or damage to the Stonebridge Condominiums was incremental and progressive. New damage commenced during each year of the Stonebridge Policies.

(D)   As a result, the Stonebridge Policies cover the cost of investigating and repairing the hidden damage at the Stonebridge Condominiums.

## VI. SECOND CLAIM: AGAINST OMIC FOR BREACH OF CONTRACT

6.1   Incorporation by Reference.  The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2   OMIC has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Stonebridge Condominiums.

6.3   OMIC breached its contractual duties by wrongfully denying coverage on July 5, 2022, and by failing to pay the cost of repairing the covered damage to the Stonebridge Condominiums.

6.4    As a direct and proximate result of OMIC's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5   Additional Damages. As a direct and proximate result of OMIC's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

## VII. THIRD CLAIM: AGAINST OMIC FOR INSURANCE BAD FAITH

7.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     OMIC had a duty to investigate, evaluate, and decide the Association's claim in good faith. OMIC breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things failing to: (1) acknowledge that weather conditions such as wind-driven rain were one of the causes of the hidden damage at the Stonebridge Condominiums; (2) acknowledge that weather conditions such as wind-driven rain are covered causes of loss under its policies; (3) acknowledge that coverage is preserved under the resulting loss provision in its policies; (4) acknowledge that there is coverage under its policies when damage results from a concurrent combination of wind-driven rain and inadequate construction; and (5) failing to define key undefined terms in its policies in favor of the Association as required by Washington law.

7.5     OMIC ignored case law in the Western District of Washington that is directly contrary to the coverage positions taken by OMIC. OMIC unreasonably denied coverage for any and all

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

hidden damage at the Stonebridge Condominiums. OMIC's self-serving denial does not comport with Washington law or the plain meaning of its own policy language and put OMIC's financial interests ahead of the Association's to the Association's detriment.

7.6   A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. OMIC's conduct violated Washington claims handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require OMIC to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require OMIC to adopt and implement reasonable standards for the prompt investigation of claims.
- Which require OMIC to construe ambiguities in facts, law, or policy language in favor of coverage.

7.7   OMIC's actions and omissions, including, but not limited to, its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of OMIC's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.   FOURTH CLAIM: AGAINST OMIC FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

8.2   Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, OMIC's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of OMIC's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1   <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Stonebridge Policies provide coverage as described herein.

9.2   <u>Money Damages.</u> For money damages in an amount to be proven at trial.

9.3   <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4   <u>CPA Penalties.</u>  For CPA penalties against OMIC of up to $25,000 per violation.

9.5   <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.   DEMAND FOR JURY TRIAL

10.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 5th day of August, 2022.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica R. Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY, SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660