UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STONEBRIDGE HOMEOWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON MUTUAL INSURANCE COMPANY, an Oregon corporation, and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | CASE NO. 2:22-cv-1101<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |
| OREGON MUTUAL INSURANCE COMPANY, an Oregon corporation,<br><br>Counter Claimant,<br><br>v.<br><br>STONEBRIDGE HOMEOWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Counter Defendant. | |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 1

This matter comes before the Court on Plaintiff and Counter Defendant Stonebridge Homeowners Association's motion for leave to amend. Dkt. No. 23. Defendant and Counter Claimant Oregon Mutual Insurance Company did not respond, which the Court considers an "admission that the motion has merit." LCR 7(b)(2); *see* Dkt.

Courts "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, courts generally grant leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice carries the greatest weight in the Court's analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Under the Court's scheduling order, the deadline to seek leave to amend is March 11, 2024. Dkt. No. 22. Stonebridge argues no prejudice will result from amendment because adding an Insurance Fair Conduct Act cause of action will not "involve a change of tactics that will create undue difficulty for [Oregon Mutual]" and because the case is still in early stages given that depositions have not yet taken place. Dkt. No. 23 at 6-7. Oregon Mutual raises no argument to the contrary.

Because Stonebridge's motion is timely and there is no prejudice to Oregon Mutual, the Court GRANTS Stonebridge leave to file a first amended complaint. Dkt. No. 23. The Court directs Stonebridge to file its first amended complaint in the form of the amended pleading attached to its motion as Exhibit A within ten days of this order.

Dated this 13th day of December, 2023.

_____
Jamal N. Whitehead
United States District Judge